[No. 27262.  Department Two.  October 31, 1938.]

ALEX G. GATUDY, *Appellant,* v. ACME CONSTRUCTION
COMPANY, *Respondent.*[1]

*Philip Tindall,* for appellant.

*Bayley & Croson,* for respondent.

BEALS, J.—Plaintiff herein, Alex G. Gatudy, sued the Acme Construction Company, a corporation, alleging in his complaint that, prior to November, 1936, the defendant, intending to bid on a portion of the construction of a water supply pipe line, to be installed in Snohomish county, orally agreed with plaintiff, who was an experienced clearing and grubbing contractor, that, if defendant obtained the subcontract for which it submitted a bid, defendant would employ plaintiff to supervise the land clearing and grubbing which defend-

[1]Reported in 83 P. (2d) 889.

ant would perform under its subcontract, plaintiff agreeing that he would supervise that portion of the work; and that it was further agreed between the parties that defendant would pay plaintiff for his services a salary of $350 per month while he was employed under the oral contract and, in addition thereto, a sum equal to ten per cent of the net profit made by defendant on the clearing and grubbing under its subcontract.

Plaintiff further alleged that, during the month of December, 1936, defendant was awarded the subcontract for the clearing and grubbing, and that, without informing plaintiff, and without plaintiff's knowledge, defendant commenced to perform the work; that, when plaintiff learned the defendant had commenced the work under its subcontract, he offered to supervise the same and demanded that he be employed under his oral contract, but that defendant refused to accept plaintiff's services or employ him; that thereafter defendant completed the clearing and grubbing and was paid therefor the sum of $21,500, at the rate of $500 per acre for forty-three acres. Plaintiff then alleged:

"VIII. That if plaintiff had been allowed to supervise said clearing and grubbing it would have required approximately two months to complete the work, and plaintiff would have earned under his said oral contract the agreed salary of $350 per month for that time, or $700, and defendant's profit on said work would have been approximately $12,000, and plaintiff would have earned under his said oral contract the additional sum of ten per cent of said profit, or $1,200.

"IX. That by reason of defendant's breach of said oral contract as aforesaid plaintiff has been damaged in the sum of $1,900.

"Wherefore, plaintiff prays judgment against defendant in the sum of one thousand nine hundred dollars, besides his costs here incurred."

Defendant answered plaintiff's complaint, admitting that it had done the work, denying plaintiff's allegations concerning the oral contract with defendant, denying that plaintiff had made any offer to perform his portion of the alleged oral contract, denying that it had been paid $21,500 for the work, and denying all allegations contained in paragraphs VIII and IX of the complaint, above quoted, and particularly that plaintiff had suffered any damage, as alleged. Defendant prayed that the cause be dismissed.

The issues having been regularly made up, plaintiff filed a demand for a jury trial. Defendant moved to strike the demand for a jury, and after argument the court granted defendant's motion, and directed that the action proceed as a nonjury case. Plaintiff filed another demand for a jury trial, and when the case was called, argued this matter to the judge to whom the case had been assigned, the case having been assigned for trial to a department of the court other than that in which the first demand for a jury trial had been decided. The matter was again argued extensively, and after a full hearing, the court again denied plaintiff's motion for a trial before a jury. The action then regularly proceeded to trial before the court sitting without a jury, and resulted in a judgment dismissing the action, from which plaintiff has appealed.

Appellant assigns error only upon the denial by the court of his demand for a jury trial.

The basic issue, as made up by the pleadings, was whether or not appellant and respondent had made the contract pleaded by appellant in his complaint, by the terms of which appellant would enter respondent's employ, if respondent was awarded the subcontract for which it bid. If the trier of the facts should find in respondent's favor on this issue, no other question would remain to be determined. If, on the other hand,

it should be found that the contract was entered into between the parties and wrongfully breached by respondent, the question of appellant's damages would then have to be decided. Assuming that appellant succeeded in satisfying the trier of the facts that the contract between himself and respondent had actually been entered into and wrongfully breached by respondent, it would be a comparatively simple matter to determine the length of time during which appellant would have been employed by respondent, and determine the sum to which appellant would be entitled by way of monthly salary.

In addition to damages for loss of monthly salary, appellant contended that he was entitled to further damages under the contract, according to the terms of which he was to receive ten per cent of the net profit earned by respondent. It was this claim which caused two judges of the superior court to hold that the action was of equitable cognizance, and that consequently appellant was not entitled to a jury trial. Appellant argues that, upon this phase of the action, he did not ask for an accounting, and that the profit which respondent did actually earn, if any, was neither the measure of his damages nor material to his case. Appellant contends that he was entitled to judgment for ten per cent of the profit which would have accrued to respondent had appellant had charge of the work as supervisor, and that the amount of profit which accrued to respondent as the result of the supervision of the work by some other person, be that profit more or less than appellant would have earned for respondent, is not the measure of appellant's damages.

The case is before us upon a short record, in effect a bill of exceptions, the court having certified that the same contains all matters not already a part of the record necessary to a determination of the matter of

appellant's right to a jury trial. From this statement, which contains the argument of appellant's counsel upon this phase of the case, together with the court's comments thereon, appellant's position clearly appears, together with the ruling of the court thereon and the reasons upon which the court based the same.

The general rule is that courts of equity have concurrent jurisdiction with courts of law in matters of accounting, provided that grounds of equitable jurisdiction are present. 1 C. J. S., title "Accounting," 647, § 15. Further discussion of this rule is found in the same authority, § 18, subd. a, 650; subd. c, of the same section, p. 652, reading as follows:

"To constitute complicated accounts the complication must be such that it could not satisfactorily be unraveled and adjudged by a jury; and whether or not such complication exists is for the court in the exercise of its discretion.

"The general rule is, that to give equity jurisdiction on the ground of complicated accounts, the complication must be substantial and so great that the matter could not properly and satisfactorily be unraveled and adjusted by a jury in an action at law, and unless such complexity appears, the mere fact that the case involves a long account or numerous items, or that proof would be difficult, is insufficient to warrant the interposition of equity; and this is especially true where there are no mutual items of account or other grounds for equitable jurisdiction.

"No precise rule can be laid down as to what constitutes such complication of accounts as will give equity jurisdiction, that being a matter for the determination of the court in a particular case in the exercise of its discretion."

Subdivision d, of the same section, p. 653, states the rule that

"An account is not mutual where the items are all charges against one party and in favor of another, or are all on one side although made up of debits and

credits; and in such case equity will not take jurisdiction, unless some special equitable feature is present; nor will equity take jurisdiction where the amount due is known, unless the relation between the parties is sufficient in itself to invoke equity jurisdiction, and a mere legal claim for damages is insufficient."

As to complicated accounts, it is stated in 1 Am. Jur., title "Accounts and Accounting," 301, § 53, that the general rule is that the fact that a case involves a complicated account is ordinarily a sufficient reason for the assumption of jurisdiction of the case by a court of equity, "upon the ground of its superior equipment to handle and dispose of such issues." The paragraph concludes:

"The jurisdiction of a court of law cannot be ousted and an accounting ordered in equity merely because there are several items in the account, or because of the necessity for considering numerous transactions, or for the examination of books and records."

In 35 C. J., title "Juries," 163, § 34, is found the following:

"While courts of equity have jurisdiction of matters of account, the jurisdiction is not exercised where there is an adequate remedy at law and the case presents no special ground of equitable jurisdiction. The right to a jury trial in such cases depends upon whether the case is properly one of equitable cognizance. The case is of equitable cognizance and triable without a jury where it involves the examination and settlement of mutual accounts, or an accounting where there is a fiduciary relation between the parties, or an examination of accounts which are so complicated that a trial by jury would be impracticable, and also where a discovery is necessary, unless by statutory provision a discovery can be had in an action at law and the case presents no other ground of equitable jurisdiction. But, if the action is merely to enforce a legal demand and presents no special ground of equity jurisdiction, it is triable by jury, even though it involves the ex-

amination of a long account, unless the practice in the particular state was otherwise prior to the adoption of the constitution."

In the case of *Northern Life Ins. Co. v. Walker,* 123 Wash. 203, 212 Pac. 277, this court reversed a decree entered in favor of the plaintiff after denial by the trial court of defendant's demand for a jury trial. The case involved no question of accounting, but concerned simply the question of whether or not the issues, as finally made up by the pleadings, presented an equitable or legal question. It was held that the action was essentially one at law, and that upon proper demand, seasonably made, the court erred in refusing to grant a jury trial.

In the case at bar, appellant sued upon an alleged oral contract, the making of which was denied by respondent. So far the issue presented was, beyond question, purely one at law. Article 1, § 21, of the constitution of this state, provides that:

"The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto."

The following sections of Rem. Rev. Stat. are pertinent to this inquiry:

"§ 314 [P. C. § 8478]. *Issue of fact, how tried.* An issue of fact, in an action for the recovery of money only, or of specific real or personal property shall be tried by a jury, unless a jury is waived, as provided by law, or a reference ordered, as provided by statute relating to referees."

"§ 369 [P. C. § 8532]. *Reference by consent.* All or any of the issues in the action, whether of fact or law, or both, may be referred upon the written consent of the parties; but either party shall have the right in an

action at law, upon an issue of fact, to demand a trial by jury."

The right to a trial by jury is carefully protected by our constitution and laws and must be guarded by the courts. While a trial court has a large discretion in determining the essential nature of an action, and appellate courts will uphold the exercise of that discretion when it is possible to do so, before the demand of a party for a jury trial, in an action basically legal in its nature, can be denied, it must appear that the cause presents some feature essentially equitable in its nature. The mere fact that the evidence may present complicated questions of fact, or even questions involving figures difficult to carry in the mind, is not a sufficient reason for the denial of a trial by jury. In no class of cases is it more difficult to estimate damages in money than in cases involving personal injuries, and these cases frequently involve complicated questions based upon alleged expenses, loss of wages or profits, or similar items, but such cases are tried by juries as matter of course.

Respondent has filed a supplemental transcript containing a motion filed by appellant for leave to inspect and copy certain documents in respondent's possession, relating to the subject matter of the action. By this motion, appellant sought leave to examine the contracts or subcontracts relating to the work, respondent's time books, payrolls, invoices for material used on the work, depreciation records, etc. Respondent argues that the filing of this motion indicates the scope of the evidence which appellant would seek to introduce. It must be noted, however, that the motion was simply for an order granting appellant leave to inspect and copy. It was not a subpoena *duces tecum,* or an application for an order that respondent produce certain documents for use at the trial. It cannot be held

that the making of this motion enlarged the scope of the pleadings.

Respondent correctly argues that the question to be decided is whether the trial court acted within its sound discretion in directing that the case be tried to the court without a jury, citing several decisions of this court, which we shall now consider.

In the case of *Lindley v. McGlauflin,* 57 Wash. 581, 107 Pac. 355, it was held that, in determining the nature of an action, whether legal or equitable, all the pleadings should be considered and the nature of the proceeding determined in view of all the issues. This rule is sound, but is not applicable to the case at bar. Respondent's answer consists of denials merely, containing neither cross-complaint nor affirmative defense.

It is undoubtedly the rule that, if any one of the main issues in an action is equitable in its nature, the trial court may, in the exercise of its sound discretion, hear the cause as an equitable proceeding. In the case cited, this court held that the action involved a long, complicated account, and that the trial court had not erred in refusing to submit the case to a jury, on demand of one of the parties. Clearly, the record showed no reason for interfering with the discretion of the trial court. The action involved an extensive and varied accounting between the parties, and ample ground existed for declaring the case equitable in its nature.

The case of *Garey v. Pasco,* 89 Wash. 382, 154 Pac. 433, is to the same effect. There, the questions to be determined involved the settling of mutual and complicated accounts, and the action was clearly one in equity.

In the case of *Dunlap v. Seattle Nat. Bank,* 93 Wash. 568, 161 Pac. 364, an action by a trustee in bankruptcy

to recover moneys deposited by the insolvent bank in another bank pursuant to an alleged fraudulent conspiracy, it was held that any recovery in plaintiff's favor would be awarded only after an accounting. In the course of the opinion, this court said:

"It follows, therefore, that where two causes of action are stated in the complaint, one of which is legal and the other equitable, equity takes jurisdiction for all purposes and proceeds to a final determination of all matters at issue. (Citing cases.) There are other reasons urged why plaintiff was not entitled to a jury trial in this case, which it is not necessary here to review. The trial court did not err in denying a jury trial."

Clearly, no reason existed for the reversal of the order of the trial court denying a jury.

Respondent strongly relies upon the case of *Boozer v. Boozer,* 139 Wash. 34, 245 Pac. 403, an action upon a promissory note, the execution of which was admitted by the answer, in which were pleaded a number of affirmative defenses. From a judgment in favor of the plaintiff, the defendant appealed, one of the errors assigned being based upon the order of the trial court denying defendant's demand for a jury trial. One of the affirmative defenses pleaded was that the plaintiff had failed to make a true and correct accounting. This court, quoting from *Lindley v. McGlauflin, supra,* held that the accounting sought was so complicated in its nature that the question should not be submitted to a jury for determination.

In the case of *Moberg v. McCauley,* 150 Wash. 494, 273 Pac. 739, an action by the heir of a deceased partner against the surviving partner for the purpose of recovering alleged profits of a special partnership, this court affirmed the ruling of the trial court denying appellant a jury trial. It was held that the action was essentially

for an accounting of a partnership transaction, and as such triable in equity.

The case of *Sunset Pac. Oil Co. v. Clark,* 171 Wash. 165, 17 P. (2d) 879, is to the same effect, and the ruling of the trial court, based upon the pleadings, that the action was one of equitable cognizance, was upheld, it appearing that an accounting was being sought.

The case of *Carlisle Packing Co. v. Deming,* 62 Wash. 455, 114 Pac. 172, is in point in the case at bar. Plaintiff sued for a sum certain, based upon an alleged contract for the sale of canned salmon. The defendants answered, denying all the allegations of the complaint, including the allegation of the making of the contract. The action was tried to a jury, which returned a verdict in favor of the plaintiff, and from a judgment entered upon that verdict, the defendants appealed. Error was assigned upon the refusal of the trial court to discharge the jury and try the case as one in equity for an accounting. From the evidence, it appeared that the salmon had been stored in a warehouse, and that, upon the refusal of the defendants to accept the salmon and pay the opening price, plaintiff notified defendants that it would offer the salmon for sale and hold the defendants upon the contract for the difference between the contract price and the net price received; that thereafter the fish were sold in small lots, it being necessary to determine upon each sale the selling price and expenses, in order to determine the net amount received by plaintiff. The defendants argued before this court that an accounting became necessary. On this phase of the case, this court said:

"This position might have been correct if an account had been the only issue between the parties; but as we view the case, this accounting, if it may be termed such, was only an incidental matter. The main and real issue in the case was whether there was a contract, and if so, what were the terms of it. This

issue was made by the pleadings, and stoutly maintained from the beginning of the case to the end. It is true that by the evidence it was conceded that a contract had been entered into, but the terms of this contract were never conceded. For that reason the case was one for the jury. There was, finally, no substantial dispute that the goods were sold, or that the statement of receipts and disbursements on account of these sales made by the respondent was correct. The right of the plaintiff to recover at all depended solely upon the terms of the contract. The action was not one for an accounting, but was for a breach of contract. The respondent had sold its own goods for the best prices obtainable, and its measure of damage was the difference between the selling price and the contract price, provided the contract and breach of it were established. There was no such trust or fiduciary relation existing as would make the case exclusively one for an accounting; and the cases of *Maitland v. Purdy,* 49 Wash. 575, 96 Pac. 154, and *Goupille v. Chaput,* 43 Wash. 702, 86 Pac. 1058, and cases of that character, are therefore not in point here. Cases of this character are usually tried to a jury as a law case. See *Hayes v. Nashville,* 80 Fed. 641. The court did not err in refusing to discharge the jury."

In the case of *Williams v. Herring,* 183 Iowa 127, 165 N. W. 342, L. R. A. 1918F, 798, the supreme court of Iowa held that an action in which it was sought to recover a certain percentage of the net profits of a business, involving no mutual accounts, was an action at law, and should not be transferred to the equity side of the court, even though the case could be more conveniently tried before the court without a jury. In the case cited, the contract of employment was admitted, the action being simply one to recover additional compensation alleged to be due, to be based upon a percentage of net profits. The lower court denied a motion to transfer the case to the equity side of the court, and the supreme court affirmed the order. In the case at bar, the gist of appellant's action is the making of

the contract which he alleged, purely a question at law. The case cited probably goes further than we would be inclined to go in upholding the right to trial by jury in an action involving what was practically an accounting, but the case is of interest, and the questions involved were ably discussed in the opinion of the court.

In the case at bar, the basic question is the existence or nonexistence of the contract which appellant alleged in his complaint. The action cannot be considered as one for an accounting, mutual or otherwise. This case is not unlike that of *Carlisle Packing Co. v. Deming, supra.* In that case, the trial court called a jury to determine the questions of fact, while in this case the court denied appellant's demand for a jury and tried the case as one in equity. In the *Carlisle* case, however, this court did not affirm the action of the trial court in calling a jury upon the ground that that act was within the court's sound discretion, but discussed all the facts, holding that the case was one for a jury.

While in determining such a question as is here presented, the action of the trial court in the exercise of its sound discretion should be upheld if that discretion was exercised within legal limits, careful examination of the record before us convinces us that the case presented to the trial court on the pleadings and at the time the case was called for trial was one purely legal in its nature, and that the trial court erred in denying appellant's demand that the action be tried to a jury.

The judgment appealed from is accordingly reversed, with instructions to the trial court to grant appellant's demand for a jury trial.

STEINERT, C. J., MILLARD, GERAGHTY, and SIMPSON, JJ., concur.