[No. 24889-5-III.   Division Three.   June 3, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. ANTHONY VEGA, *Appellant*.

*David N. Gasch* (of *Gasch Law Office*), for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Mark E. Lindsey, Deputy*, for respondent.

¶1 BROWN, J. — Anthony Vega appeals his second degree rape conviction, contending his public trial right was violated when individual jurors were questioned in open court

apart from the other prospective jurors. We disagree for two reasons. First, jurors become officers of the court when sworn to serve and are not members of the general public. Second, questioning of individual jurors apart from the other jurors about matters that may taint the other jurors serves to preserve a fair trial. Mr. Vega additionally urges his counsel was ineffective but argues matters outside our record that we cannot review. Accordingly, we affirm.

## FACTS

¶2 Prior to jury selection in Mr. Vega's second degree rape trial, potential jurors were asked about their similar experience and physical abuse. Jurors responding affirmatively were questioned in open court but apart from the other prospective jurors.

¶3 The jury found Mr. Vega guilty as charged. He appealed.

## ANALYSIS

### A. Public Trial

¶4 The issue is whether Mr. Vega's public trial right was violated by individual juror questioning in open court outside the presence of the other prospective jurors.

¶5 We review de novo a public trial violation claim. *State v. Bone-Club*, 128 Wn.2d 254, 256, 906 P.2d 325 (1995). A public trial right violation requires reversal and a new trial. *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 814, 100 P.3d 291 (2004).

¶6 Article I, section 22 of the Washington Constitution and the Sixth Amendment to the United States Constitution each guarantee a criminal defendant a right to a public trial. Additionally, article I, section 10 of the Washington Constitution provides that "[j]ustice in all cases shall be administered openly, and without unnecessary delay." This latter provision gives the public and the

press a right to open and accessible court proceedings. *Seattle Times Co. v. Ishikawa*, 97 Wn.2d 30, 36, 640 P.2d 716 (1982). The public trial right extends beyond the taking of a witness' testimony at trial to pretrial proceedings. *See Orange*, 152 Wn.2d at 812 (public trial right extends to voir dire).

¶7 In order to protect the accused's constitutional public trial right, a trial court may not close a courtroom without, first, applying and weighing five requirements as set forth in *Bone-Club* and, second, entering specific findings justifying the closure order. *Bone-Club*, 128 Wn.2d at 258-59. Here, the trial court did not weigh the *Bone-Club* factors before individually questioning the potential jurors. But, the court clarified on remand that the questioning occurred in the courtroom and was not closed to the public.

¶8 Prospective jurors take an oath and are officers of the court until discharged. *See State v. Cuzick*, 11 Wn. App. 539, 544, 524 P.2d 457 (1974), *aff'd*, 85 Wn.2d 146, 530 P.2d 288 (1975) (jurors are sworn officers of the court). Thus, they are not general members of the public. Therefore, no weighing of the *Bone-Club* factors is required when a trial judge allows questioning of a juror apart from the other jurors. And, a judge may allow individual juror questioning apart from the other jurors considering the court's duty to determine if, given a juror's state of mind, the juror can try the case impartially and without prejudice to the substantial rights of either party. *See* RCW 4.44.170, .190 (detailing judge's duties when confronted with claim of actual bias). Given the above, and mindful of the risks of tainting the neutrality of the other jurors by collective questioning, we conclude no public trial right violation occurred in Mr. Vega's trial.

## B. Additional Grounds

¶9 Mr. Vega contends his counsel was ineffective because his counsel failed to request a mistrial based on the presence of a "mole" in the audience and failed to locate an

essential witness prior to trial. These alleged facts are outside our record.

¶10 To prevail on a claim of ineffective assistance of counsel, Mr. Vega must establish both deficient performance and resulting prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). But Mr. Vega's complaints relate to circumstances outside our record. Mr. Vega's avenue for bringing claims based on evidence outside the record is through a personal restraint petition, not an appeal. *Id.* at 335.

¶11 Affirmed.

SCHULTHEIS, C.J., and SWEENEY, J., concur.

Reconsideration denied July 15, 2008.

Review denied at 165 Wn.2d 1024 (2009).