19232.  JOYNER *v.* THE STATE.

Submitted January 11, 1956—Decided February 15, 1956— Rehearing denied February 29, 1956.

*Aaron Kravitch, John J. Sullivan,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan G. Garfunkel, Assistant Solicitor-General, Thomas M. Johnson, Assistant Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

HEAD, Justice. 1. The evidence was sufficient to authorize the verdict, and the court did not err in overruling the general grounds of the motion for new trial.

2. The 1st ground of the amended motion for new trial asserts that the trial court erred in failing to charge the law of voluntary manslaughter as it relates to mutual combat. It is stated that the defendant requested the court to charge this principle, but it appears that this request to charge was included in a request to charge several principles of law, and that the request in regard to mutual combat was in the following language: "The defendant requests that the court charge as follows: . . . 2. The law of voluntary manslaughter as it relates to mutual combat." This request is incomplete and insufficient to constitute a proper request to charge. *Smithwick* v. *State*, 199 *Ga.* 292, 298 (34 S. E. 2d 28).

The trial judge charged the jury on the law of voluntary manslaughter. There was no evidence requiring a charge on the law of voluntary manslaughter as related to mutual combat, and there was no error in overruling this ground.

3. Ground 2 complains of the admission in evidence of certain photographs, and ground 3 asserts that it was error to allow these photographs to be taken to the jury room as part of the evidence in the case, over stated objections of the defendant. The photographs referred to in these grounds do not appear anywhere in the record, and it is impossible for this court to determine whether it was error for the trial court to allow their admission in evidence, or to permit them to be taken to the jury room, over the objections made. This ground, therefore, can not be considered. *Smith* v. *State*, 202 *Ga.* 851, 866 (12) (45 S. E. 2d 267) ; *Darden* v. *State*, 208 *Ga.* 599 (68 S. E. 2d 559).

4. The 4th ground insists that the court erred in failing to charge the jury "as to whether the statements made by the defendant to Captain Hallman were admissions or confession." It is stated in this ground that, at the end of the charge, on the inquiry of the court if there was anything further, the State's counsel suggested to the court that no charge had been made on confessions or admissions, and that the court should ask the defendant's counsel if he wanted a charge on confessions. Thereupon the court inquired of the defendant's counsel if he had any statement to make in this regard, and counsel stated that he thought

it was the court's duty to decide as a matter of law whether the statements were admissions or confessions. The court then stated, "Well, I think it is admitted by the defendant that he killed the man."

There was no request to charge on confessions or admissions, and the complaint in this ground, in part, appears to be that the court did not denominate whether the statements made by the defendant to the police officer investigating the homicide were admissions or confessions. This court has held many times that the failure to charge on various aspects of the law in connection with admissions and confessions will not require the grant of a new trial, where there has been no proper written request to charge. *Walker v. State*, 118 *Ga.* 34 (3) (44 S. E. 850); *Patterson v. State*, 124 *Ga.* 408 (2) (52 S. E. 534); *Nail v. State*, 125 *Ga.* 234 (3) (54 S. E. 145); *Roberson v. State*, 135 *Ga.* 654 (70 S. E. 175); *Lindsay v. State*, 138 *Ga.* 818 (6) (76 S. E. 369); *Smith v. State*, 139 *Ga.* 230 (2) (76 S. E. 1016); *Cantrell v. State*, 141 *Ga.* 98 (2) (80 S. E. 649); *Benjamin v. State*, 150 *Ga.* 78 (102 S. E. 427); *Brown v. State*, 154 *Ga.* 54 (113 S. E. 161); *Green v. State*, 154 *Ga.* 394 (114 S. E. 361); *Gore v. State*, 162 *Ga.* 267, 268 (134 S. E. 36). The contention in this ground that a new trial should be granted because of the court's failure to instruct the jury as to whether the statements attributed to the defendant were admissions or confessions is without merit.

It is also contended in this ground that the statement of the trial judge, "Well, I think it is admitted by the defendant that he killed the man," made in connection with the discussion as to a charge on admissions or confessions, was an expression of an opinion before the jury. From an examination of the record it appears that the defendant's counsel had previously stated to the court that his client was guilty of voluntary manslaughter; and the defendant in his statement had admitted that he killed the deceased. No reversible error is shown in this ground.

5. The 5th ground makes no valid assignment of error.

*Judgment affirmed. All the Justices concur.*