21482. GLENN v. THE STATE.

Argued January 8, 1962—Decided January 22, 1962.

*Reid W. Harris,* for plaintiff in error.
*Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.

ALMAND, Justice. The exception here is to an order denying a motion for new trial based on the general grounds and four special grounds.

Bobby Gene Glenn was indicted, together with James Wheeler and Lois Glenn, at the January term, 1961, of Glynn Superior Court, for the offense of robbery by use of an offensive weapon, with force and arms, alleged to have been committed on October 15, 1960. This defendant, Bobby Gene Glenn, came on to be tried on January 23, 1961, and, before arraignment and plea, he filed a demurrer to said indictment, alleging that the indictment charges this defendant with two separate and distinct crimes, "the crime of Robbery by Force and the crime of Robbery by Use of an Offensive Weapon," which said demurrer was overruled by the court. The defendant entered a plea of "not guilty" to the indictment, and the jury returned a verdict on January 24, 1961, finding the defendant guilty with a recommendation of mercy and he was afterwards sentenced.

A motion for a new trial was filed which was later amended but was denied, and to this judgment the defendant excepted.

The pertinent evidence at the trial was in substance as follows: On October 15, 1960, the defendant, Bobby Gene Glenn, entered the Right-Way Super Market, operated by John Lancaster and located in Glynn County at 600 Hunter Drive, along with James Wheeler, at about 8 p.m., and pulled an automatic pistol saying to Mr. Lancaster "I want your money." They made him put his hands behind his head and lie down. They ordered him to produce his billfold, and then made Mrs. Lancaster and the Lancasters' baby go to the cash register and open it. It would not open and the defendant remarked to Mr. Lancaster, "If you think anything of your wife and baby, you better open it." He replied that if he could not open it, he would help him carry it out. The defendant took what money there was and a check on the American National Bank of Brunswick, Georgia, made payable to Carlos Johnson for $42.50, dated October 14, 1960. After the defendant and James Wheeler left, Mr. Lancaster called police headquarters. Later the same evening he went to the police station and made an identification of the defendant who had been apprehended along with Lois Glenn, his

wife, and James Wheeler. There was evidence to show that Mr. and Mrs. Lancaster were frightened by the offensive weapon which was identified on the trial.

Several law-enforcement officers testified as to the manner in which the defendant was arrested, the free and voluntary nature of a statement made by the defendant in the presence of the officer and others including the victim, Mr. Lancaster.

There were no witnesses for the defendant. In his statement to the jury he did not deny the commission of the crime as alleged in the indictment.

■ The record discloses the demurrer to the indictment which was overruled, and the defendant argues that this ruling by the trial court was erroneous for numerous reasons. The only assignment of error in the bill of exceptions is to the judgment overruling the defendant's motion for new trial. Since a ruling on a demurrer to an indictment cannot be reviewed as to its correctness by way of an exception to a denial of a motion for new trial, this question is not now before this court for review. *Ledford v. State,* 215 Ga. 799 (1) (113 SE2d 628) and *Seymour v. State,* 210 Ga. 21 (1) (77 SE2d 519).

■ Ground 4 of the amended motion alleges that the trial court erred in giving the following instruction to the jury. "Gentlemen, you will have one alternate juror. It is his duty to take his place along with the other twelve jurors, to take his place and serve as a juror in the event one of the twelve jurors might suddenly become disabled or sick. So long as the original twelve jurors are able to serve he takes no part. He goes in the jury room but takes no part in the discussion so long as the twelve are able to function. If any juror should become disabled or sick, then this alternate juror takes his place in the jury room and serves so as to make it the verdict of twelve jurors." This charge was clearly erroneous in the light of *Code Ann.* § 59-904 which provides: "Upon final submission of the case to the jury said alternate jurors *shall not retire with the jury of 12 for deliberation* and the court may discharge the alternate jurors, but if the court deems it advisable it may direct that one or more of the alternate jurors be kept in custody of the sheriff or one or more court officers, *separate and apart*

*from the regular jurors* until the jury have agreed upon a verdict." (Italics ours).

The alternate is excluded from the jury room during deliberations and takes his place with the jury during the period of deliberations only under the conditions outlined by *Code Ann.* § 59-905, which provides: "If at any time, whether before or after final submission of the case to the jury, a juror dies or becomes ill, or upon other good cause shown to the court is found to be unable to perform his duty, or is discharged for other legal cause, the first alternate juror shall take the place of the first juror becoming incapacitated and further replacements shall be made in similar numerical sequence, provided said alternate jurors have not been discharged. Such juror, so taking the place of any incapacitated juror, shall thereafter be deemed to be a member of the jury of 12, and shall have full power to take part in the deliberations of the jury, and the finding of the verdict. Any verdict found by any such jury, having thereon alternates, shall have the same force, effect, and validity as if found by the original jury of 12." It was reversible error so to charge the jury, and requires the grant of a new trial.

■ Ground 5 complains of the court's permitting the alternate juror to take his place in the jury room with the other twelve jurors during deliberations. It is not likely, in view of our decision above, that this situation will occur on another trial, hence, it will not be dealt with.

■ Ground 6 alleges that the court erred in allowing certain testimony by a State witness over the objection of the defendant's counsel. Several reasons are set out in the motion as to why the evidence objected to was prejudicial to the defendant, but nowhere in the ground is it shown what objection was made at the time of the trial. It is basic to our practice that objection must be made at the time of the allowance of such evidence, and that a special ground complaining of such allowance must set out what the objection was. Otherwise, the ground presents no question for determination by this court. The present ground, is therefore, too vague to provoke a ruling by this court. *Maxwell v. Hollis,* 214 Ga. 358 (4), 362 (104 SE2d 893).

■ The final special ground complains of the failure of the

trial court to charge the law applicable to confessions made by a codefendant. There was no timely written request to charge such principles of law, and where the court has given a correct charge dealing with the law of confessions, a failure to charge in connection therewith some *other pertinent legal proposition* is not error. *Joyner v. State*, 212 Ga. 269 (4) (91 SE2d 607). This statement takes into account the well-known rule that, where a judge undertakes to charge the law upon some particular subject, he must charge all on that subject which is pertinent. *Tucker v. Talmadge*, 186 Ga. 798 (6), 800 (198 SE 726). The charge in the instant case dealt thoroughly with the law regarding confessions. The topic on which failure to charge was assigned as error deals with confessions of codefendants. In the absence of a timely written request, the failure so to charge was not error.

■ Since the evidence was amply sufficient to support the verdict, the general grounds of the motion are without merit.

For the reason stated in division 2 of this opinion, the judgment complained of is erroneous and a new trial must be granted.

*Judgment reversed. All the Justices concur.*