[No. 43416.   En Banc.   January 10, 1975.]

THE STATE OF WASHINGTON, *Petitioner*, v. ARLEN D. CUZICK, *Respondent*.

*S. Brooke Taylor, Prosecuting Attorney,* for petitioner.

*Buzzard, Brown & Glenn, P.S.,* by *Jerome L. Buzzard,* for respondent.

UTTER, J.—Respondent Arlen Cuzick was found guilty of two counts of sodomy. He appealed, assigning error to the fact that an alternate juror was present during the deliberations of the jury that convicted him. The Court of Appeals reversed and ordered a new trial. *State v. Cuzick,* 11 Wn. App. 539, 524 P.2d 457 (1974). We granted the State's petition for review to determine whether allowing an alternate juror into the jury room constitutes reversible error absent proof of prejudice to the defendant stemming therefrom. We hold that it does and affirm the Court of Appeals.

At the commencement of Mr. Cuzick's trial an alternate juror was chosen pursuant to RCW 10.49.070, to serve in case one of the twelve regular jurors became incapacitated prior to the end of the trial. At the time of submission of the case to the jury, the prosecutor asked that he not be discharged but rather attend the jury's deliberations in order to be available should one of the regular jurors become ill before a verdict was reached. Mr. Cuzick's attorney did not object. The court accepted the prosecutor's suggestion and instructed the alternate juror to retire with the jury but not to participate in its discussions in any way.

After the verdict was rendered, Mr. Cuzick's appeal counsel moved for an arrested judgment or a new trial. He offered to prove that the alternate juror had at least two points in the deliberations made statements which improperly influenced the other jurors in violation of the court's instructions. In the alternative he argued that the simple presence of the alternate juror during the jury's discussions was prejudicial as a matter of law. The trial

court refused the tendered proof, rejected the arguments and denied the motion, raising the question now before us.

■ Article 1, section 21 of our constitution states: "The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record . . ." In *State v. Ellis*, 22 Wash. 129, 60 P. 136 (1900), we held this means that, absent specific statutory authorization, a verdict by a jury of other than twelve is unlawful and void. Later cases distinguished *Ellis* where statutes had been passed allowing stipulation to a jury of fewer than twelve. *E.g., State v. Lane*, 40 Wn.2d 734, 246 P.2d 474 (1952). But none have altered *Ellis'* basic holding, which stands as the law of this state.

No statutory authorization for the use of a jury of thirteen existed in this case. The relevant statute was RCW 10.49.070, since superseded (but unchanged insofar as is pertinent here) by CrR 6.5. It specifically required dismissal of alternate jurors upon submission of a case to the jury. The trial court here did not comply with it. The violation of such a statutory requirement, and the consequent use of an unauthorized number of jurors, has itself been held sufficient to vitiate a verdict by several courts. *Glenn v. State*, 217 Ga. 553, 123 S.E.2d 896 (1962); *Woods v. Commonwealth*, 287 Ky. 312, 152 S.W.2d 997 (1941); *Commonwealth v. Krick*, 164 Pa. Super. 516, 67 A.2d 746 (1949).

We do not, however, rely solely on the somewhat strained argument that the alternate juror's presence in the jury room made him part of the jury and thus caused the jury to be composed of an unauthorized number of persons. It has not been established that he did participate in the jury's deliberations in any meaningful way. Even if he had, it would be difficult to see how respondent Cuzick would be prejudiced by the use of a jury of thirteen instead of twelve. Cf. *Williams v. Florida*, 399 U.S. 78, 100-02, 26 L.

Ed. 2d 446, 90 S. Ct. 1893 (1970). But the very fact that the alternate juror was *not* a full participant in the jury's discussions raises a more significant issue: the maintenance of proper jury secrecy.

However many persons comprise a jury, there can be no question that it must reach its decision in private, free from outside influence. This principle is of constitutional stature. *United States v. Beasley*, 464 F.2d 468 (10th Cir. 1972); *United States v. Virginia Erection Corp.*, 335 F.2d 868 (4th Cir. 1964); *Brigman v. State*, 350 P.2d 321 (Okla. Cr. 1960). No one contends that the alternate juror fully participated in the jury's discussions; we assume he followed, at least substantially, the court's instructions not to do so. He was, then, essentially an outsider watching the other members of the panel reach their decision. His presence as one not obligated to express an opinion, not committed to the decision that was ultimately reached, not faced with the awful responsibility to decide, could not have gone unnoticed by the 12 formally empaneled jurors and may well have affected their willingness to speak and act freely. Such observation, even by one sworn to secrecy and silence, violates the cardinal requirement that juries must deliberate in private. *United States v. Beasley, supra; People v. Bruneman*, 4 Cal. App. 2d 75, 40 P.2d 891 (1935); *People v. Knapp*, 42 Mich. 267, 3 N.W. 927 (1879); *State v. Wroth*, 15 Wash. 621, 47 P. 106 (1896).

The State seeks to avoid these authorities with two arguments. First, it claims that Cuzick waived his right to challenge the makeup of the jury when his counsel failed to object to the alternate juror's admission to the jury room at the time it was ordered. Objection to deviation from the authorized number of jurors has been held nonwaivable, however. *People v. Bruneman, supra; People v. Ellis, supra.* Even if waiver is allowed, the importance of the jury secrecy principles affected is such that it can only be made informedly and affirmatively by the defendant himself, not implied from the silence of his counsel. *United States v.*

*Virginia Erection Corp.*, *supra*; *People v. Adame*, 36 Cal. App. 3d 402, 111 Cal. Rptr. 462 (1973).

Second, the State contends that, even if the admission of the alternate juror to the jury room was error to which objection is not waived, the error should not be held presumptively prejudicial. At oral argument the Prosecuting Attorney for Clallam County, arguing for the State, conceded that, even if this argument prevails, the trial court's determination should be reversed and the case remanded for a factual inquiry into the extent of the alternate juror's participation in the deliberations. We decline to accept his invitation, however. A factual hearing would not be likely to shed much light on the actual effect of the alternate juror's presence in the jury room. It would certainly be impossible to recreate at this point every move, every expression he might have made during the several hours of deliberations. Even if it were determined exactly what he did or said, it would be difficult to tell how or whether his actions affected the other jurors. The outcome of such an investigation would only be further doubt; its primary effect would be to further invade the jury room and impose on those who served in it. *United States v. Beasley*, *supra* at 470.

Instead, we adhere to those cases which hold that prejudice will be presumed to flow from a substantial intrusion of an unauthorized person into the jury room unless "it affirmatively appears that there was not, and could not have been, any prejudice." *State v. Carroll*, 119 Wash. 623, 624, 206 P. 563 (1922); *United States v. Beasley*, *supra*; *United States v. Virginia Erection Corp.*, *supra*; *People v. Adame*, *supra*. Where, as here, the intrusion involves the visible presence of a nonjuror for the full length of deliberations, the presumption of prejudice clearly has not been so conclusively defeated. *Compare, e.g., United States v. Nash*, 414 F.2d 234 (2d Cir. 1969), *cert. denied*, 396 U.S. 940 (1969); *State v. Carroll*, *supra*; *State v. Aker*, 54 Wash. 342, 103 P. 420 (1909).

The trial court was apparently misled by the final draft of the proposed rules of criminal procedure prepared for the Washington Judicial Council, which contained proposed CrR 6.6 authorizing the participation of two alternate jurors in deliberations. That rule was rejected by this court, however, and a contrary provision was adopted. CrR 6.5. The confusion and error are, therefore, unlikely to recur; but in this case they must be held reversible.

The decision of the Court of Appeals is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.