**James G. POTTER, Petitioner-Appellee,**

v.

**E. P. PERINI, Superintendent, Respondent-Appellant.**

**No. 75–2345.**

United States Court of Appeals, Sixth Circuit.

Argued Nov. 30, 1976.

Decided Dec. 21, 1976.

William J. Brown, Atty. Gen. of Ohio, Robert D. Doane, Simon B. Karas, Columbus, Ohio, for respondent-appellant.

James G. Potter, pro se.

Dennis M. O'Connell, Cincinnati, Ohio (Court-appointed CJA), for petitioner-appellee.

Before WEICK, McCREE and LIVELY, Circuit Judges.

PER CURIAM.

The State of Ohio has appealed to this Court from an Order of the District Court granting a writ of habeas corpus releasing appellee Potter from custody unless a new trial is granted to him on the judgment of convictions and sentence for state narcotic offenses.

Potter had been convicted by a jury in the Court of Common Pleas of Allen County, Ohio, on all nine counts of an indictment charging him with possession and sale of narcotic drugs, possession of an instrument to administer such drugs, and permitting the use of a dwelling house for the illegal keeping and possession of narcotic drugs, in violation of the statutes of the State of Ohio. Potter was sentenced to concurrent terms of imprisonment in the Ohio penitentiary.

Potter appealed from his conviction to the Court of Appeals for the Third Judicial District of Ohio, which Court affirmed the judgment of conviction in a Memorandum Opinion dated September 26, 1973. He appealed as of right to the Supreme Court of Ohio, which dismissed the appeal on the ground that "no substantial constitutional question exists herein."

Potter then filed his petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio, Western Division, asserting four issues, only one of which the District Judge found to be meritorious, namely, that merely because an alternate juror was present in the jury room a short time during deliberations, Potter's constitutional rights were violated.

The trial judge had neglected to discharge the alternate juror at the time the case was submitted to the jury, and the alternate juror entered the jury room and was present for about forty-five minutes when the Judge discovered his oversight and conducted a hearing at which all counsel and the alternate juror were present. The Judge then discharged the juror, with instructions to her not to discuss the deliberations or how she would have voted. The fact is that she had not voted. The jury had not reached any verdict at the time the alternate juror was discharged.

The jury returned to the court room about an hour later, to receive additional instructions which it requested on questions of law. Later the jury returned a unanimous verdict of guilty, all twelve jurors concurring therein.

The alternate juror was not a stranger in the jury room; she was qualified as a juror and was subject to the same challenges as were the other jurors. She had been sitting with the other jurors in the jury box throughout the trial. She became excess only when the Court submitted the case to the jury for deliberation.

When the Court discovered that it had not discharged the alternate juror, she was immediately withdrawn from the jury room and was discharged.

There was no showing of any participation by her in the deliberations, or that her presence had any effect on the other jurors, or that her presence was prejudicial in any respect to the rights of the appellee.

After the alternate juror was discharged the jury resumed deliberations. It requested and received from the Court additional

instructions; it deliberated further and reached a unanimous verdict of guilty. Thus the defendant was convicted by a jury of twelve, which is all that the Ohio Constitution requires.

The State Court of Appeals, in reviewing the conviction, stated in its Memorandum Opinion:

Accordingly, although error, there is no violation of defendant's constitutional right to trial by jury by the mere presence of the thirteenth or alternate juror in the jury room. The issue is, then, whether or not such presence constitutes prejudicial error apparent from the record.

R.C. 2945.83 reads in part as follows: "No motion for new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court because of:

" * * *

"(E) Any other cause unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

The record herein indicates nothing more than the presence of the alternate juror in the jury room for the stated period of time. While the record does not indicate the total time that the jury deliberated before reaching a verdict, it does disclose that the jury returned to the court room for further instruction at 5:00 P.M. and retired for further deliberation at 5:06 P.M., some one and one-half hours after the alternate juror was discharged. This continued deliberation minimizes any showing of influence upon the jury by the alternate juror.

We find no affirmative display by the record that the presence of the alternate juror prejudiced the defendant or that he was prevented thereby from having a fair trial.

Reliance by the District Judge on *United States v. Beasley*, 464 F.2d 468 (10th Cir. 1972), and *United States v. Virginia Erec-*

*tion Corp.,* 335 F.2d 868 (4th Cir. 1964), is misplaced. Both of these decisions are grounded upon the application of Rule 24(c) Fed.R.Crim.P. and the supervisory jurisdiction of appellate courts. Ohio has no Rule 24(c) and the Federal Courts do not exercise supervisory jurisdiction over state trial courts.

In *Beasley* the alternate juror had voted for the election of a foreman and also had voted to go to lunch. The alternate juror in the present case did not even do that.

Ohio Courts have held that the presence of the alternate juror in the jury room did not violate the defendant's rights under the state constitution, which, like the Federal Constitution, requires a unanimous verdict of twelve jurors. The Ohio Courts in the present case also held that there was no showing of any prejudice to the defendant, and that affirmance was required under Rev.Code of Ohio § 2945.83. Thus the decision of the Ohio Courts is grounded upon a procedural issue not related in any manner to the Federal Constitution.

The District Judge in his opinion stated:

The presence of the alternate in the jury deliberation room for any part of the deliberations creates sufficient prejudice to require a mistrial.

This is not the law of Ohio and ought not to be imposed upon the state by the Federal Courts.

The judgment of the District Court is reversed and the case is remanded with instructions to dismiss the petition for a writ of habeas corpus.