<hr />

57779. BULLOCK v. THE STATE.

BANKE, Judge.

The appellant became involved in a fight with her boyfriend and shot and killed him, allegedly in self-defense. She was indicted for murder but found guilty of voluntary manslaughter. On appeal, she enumerates as error the trial court's refusal to give her requested charge on involuntary manslaughter as a lesser included offense to murder, as well as the trial court's action in allowing the alternate juror to be present in the jury room during deliberations. *Held:*

1. A charge on involuntary manslaughter is not warranted where the evidence establishes without conflict that the killing was intentional rather than

unintentional. See generally Code Ann. § 26-1103; *Jackson v. State,* 234 Ga. 549, 551 (216 SE2d 834) (1975). The appellant in this case admitted that she shot the victim. This, of course, raises a presumption that she intended to kill him. See generally *Moon v. State,* 68 Ga. 687 (7) (1882); *Chandle v. State,* 230 Ga. 574, 575 (198 SE2d 289) (1973). Since she never denied that this was her intention, there was no evidentiary basis for a charge on involuntary manslaughter.

The appellant cites *Jackson v. State,* 234 Ga. 549, supra, and *Jackson v. State,* 143 Ga. App. 734 (240 SE2d 180) (1977), as authority for the proposition that a charge on involuntary manslaughter is authorized whenever there is evidence that the killing occurred in self-defense. However, neither case contains such a holding. In both *Jackson* cases, the defendant admitted inflicting fatal knife wounds upon the victim but denied having formed any intention to kill, stating instead that the intention was merely to ward off the victim's attack. Under these circumstances, the Supreme Court intimated, and this court held, that a jury would be authorized to find that the death was caused unintentionally by the commission of a lawful act (self-defense) in an unlawful manner (excessive force). See Code Ann. § 26-1103 (b). As stated previously, the defendant in this case made no such denial of intent to kill. For this reason, *Simpson v. State,* 150 Ga. App. 814 (1979), is much more apposite to her case than is either of the *Jackson* cases. In *Simpson,* the defendant admitted shooting the victim four times, an admission which shows an undeniable intent to kill. Under these facts, this court held that a charge on involuntary manslaughter was not required.

2. It was error to allow the alternate juror to retire with the other 12 jurors for deliberations in the face of defense counsel's objections. Code Ann. § 59-909 (Ga. L. 1968, pp. 1225, 1226) provides as follows: "Upon final submission of the case to the jury said alternate jurors shall not retire with the jury of 12 for deliberation and the court may discharge the alternate jurors, but if the court deems it advisable it may direct that one or more of the alternate jurors be kept in custody of the sheriff or one or more court officers separate and apart from the regular

jurors until the jury have agreed upon a verdict." See *Glenn v. State,* 217 Ga. 553 (2) (123 SE2d 896) (1962) (construing former Code Ann. § 59-904, the predecessor of § 59-909).

The case of *Johnson v. State,* 235 Ga. 486 (6) (220 SE2d 448) (1975) is not authority for a contrary result. There, the court was at first unaware of the alternate juror's presence in the jury room and instructed the bailiff to remove him immediately upon learning of it. Furthermore, in *Johnson* all 12 jurors submitted affidavits stating that they had not been influenced in any way by the presence of the alternate juror. From this and from other sworn statements made both by the regular jurors and by the alternate, the court determined that the state had made a sufficient showing of harmlessness to overcome the presumption of prejudice which arose automatically from the alternate's presence in the jury room. No such showing of harmlessness was made or attempted by the state in this case. Instead, the trial court merely asked the foreman whether the alternate juror had participated in the vote or the deliberations. Although the foreman replied in the negative, we do not consider this a showing that none of the jurors were influenced in any way by the alternate's presence, particularly in the face of defense counsel's vociferous objections to the alternate's presence made at the time the jury first retired.

*Judgment reversed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED MAY 2, 1979 — DECIDED
JUNE 22, 1979.

*Richard L. Moore,* for appellant.
*Thomas J. Charron, District Attorney, Joseph L. Chambers, Assistant District Attorney,* for appellee.