652 P.2d 1219
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Cloteal COULTER, Defendant-Appellant.**

No. 5521.

Court of Appeals of New Mexico.

June 29, 1982.

Certiorari Quashed Oct. 21, 1982.

Elliot L. Weinreb, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Carol Vigil, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of two counts of forgery contrary to § 30–16–10, N.M.S.A. 1978, defendant appeals. We discuss only two issues, since we are reversing and remanding for a new trial.

**The Thirteenth Juror**

After the presentation of evidence was complete, the case was submitted and the jury retired to the jury room. After about ten minutes, the jury sent the judge a note requesting that the exhibits be delivered to the jury room. The court read the note to the parties and then commented to counsel that the court had just realized that the alternate was present with the jury. Defense counsel was asked whether he desired the whole jury be brought before the court or just the alternate. Defense counsel indicated that he saw no need to call in the whole jury. The alternate was summoned and excused by the court. Defense counsel did not request that the alternate be examined and made no motion for a mistrial. After the verdict, defendant moved for a new trial on the basis of the alternate's presence in the jury room. The motion was denied.

Essentially, the problem of an alternate in the jury room during deliberations amounts to an unauthorized person in the jury room. New Mexico has no cases addressing the problem of "the thirteenth juror." Rule 38(c) of the N.M.R.Crim.P., N.M. S.A. 1978 (1980 Repl.Pamph.), provides:

(c) **Discharge; general rule.** Except in felony cases in which the death penalty may be imposed an alternate juror who does not replace a regular juror *shall* be discharged before the jury retires to consider its verdict. (Emphasis added.)

The results in cases where the alternate is present in the jury room during delibera-

tions fall into four categories: (1) fundamental error; (2) presumption of prejudice; (3) defendant must show prejudice; and (4) no abuse of discretion in sending the alternate into deliberations with the jury.

**(1) Fundamental error.** The majority of cases that address this issue hold that the presence of the alternate in the jury room during deliberations amounts to fundamental error and requires reversal. *United States v. Chatman,* 584 F.2d 1358 (4th Cir. 1978); *United States v. Beasley,* 464 F.2d 468 (10th Cir. 1972); *United States v. Virginia Erection Corporation,* 335 F.2d 868 (4th Cir.1964); *Berry v. State,* 298 So.2d 491 (Fla.Dist.Ct.App.1974); *People v. King,* 216 N.Y.S.2d 638, 13 A.D.2d 264 (N.Y.S.Ct. 1961); *Brigman v. State,* 350 P.2d 321 (Okl. Cr.App.1960); *Commonwealth v. Krick,* 67 A.2d 746, 164 Pa.Super. 516 (1949). In none of these cases did the court attempt to determine whether or not defendant was prejudiced by the presence of the alternate in the jury room.

The rationales for holding that the presence of the alternate during deliberations constitutes fundamental error focus on the high regard for the need for privacy during deliberations, the unknown impact of the alternate upon the other jurors and the difficulty in ascertaining whether or not defendant was prejudiced.

**(2) Presumption of prejudice.** These cases hold that the alternate's presence in the jury room during deliberations creates a presumption of prejudice which the State may attempt to overcome. *State v. Cuzick,* 85 Wash.2d 146, 530 P.2d 288 (1975); *Johnson v. State,* 235 Ga. 486, 220 S.E.2d 448 (1975); *Bullock v. State,* 150 Ga.App. 824, 258 S.E.2d 610 (1979).

In *State v. Cuzick, supra,* defendant did not object when the trial court chose to send the alternate into deliberations with instructions that he not participate in any way. Nonetheless, the Washington Supreme Court held that prejudice was presumed in such a case.

However many persons comprise a jury, there can be no question that it must reach its decision in private, free · from outside influence. This principle is of constitutional stature. *United States v. Beasley,* 464 F.2d 468 (10th Cir. 1972); *United States v. Virginia Erection Corp.,* 335 F.2d 868 (4th Cir.1964); *Brigman v. State,* 350 P.2d 321 (Okl.Cr.1960). No one contends that the alternate juror fully participated in the jury's discussions; we assume he followed, at least substantially, the court's instructions not to do so. He was, then, essentially an outsider watching the other members of the panel reach their decision. His presence as one not obligated to express an opinion, not committed to the decision that was ultimately reached, not faced with the awful responsibility to decide, could not have gone unnoticed by the 12 formally empaneled jurors and may well have affected their willingness to speak and act freely. Such observation, even by one sworn to secrecy and silence, violates the cardinal requirement that juries must deliberate in private. *United States v. Beasley, supra; People v. Bruneman,* 4 Cal.App.2d 75, 40 P.2d 891 (1935); *People v. Knapp,* 42 Mich. 267, 3 N.W. 927 (1879); *State v. Wroth,* 15 Wash. 621, 47 P. 106 (1896).

It is worth noting that even though a less strict standard was applied in this case, the error was still not waivable, and defendant's failure to object was not fatal.

In *Johnson v. State, supra,* the State overcame the presumption of prejudice caused by the alternate's presence during deliberations by presenting affidavits from all jurors. In *Bullock v. State, supra,* the presumption of prejudice was not overcome by the jury foreman's testimony that the alternate did not participate in deliberations or vote. Apparently, the court was concerned with the effect of the alternate's presence on the jurors.

**(3) Defendant must show prejudice.** Two cases conclude that defendant must show that he was prejudiced by the alternate's presence during jury deliberations in order to receive relief. *Potter v. Perini,* 545 F.2d 1048 (6th Cir.1976); *United States v. Allison,* 481 F.2d 468 (5th Cir.1973). *Potter* was an appeal from habeas proceedings in the federal district court. Petitioners

sought relief from an Ohio conviction. The court noted that Ohio had no rule mandating the discharge of the alternate. The court also noted that defendant made no showing of participation by the alternate or that the alternate's presence had any effect upon the jurors.

The holding in *Allison, supra,* appears to be limited to its facts. There, the trial court discussed with both parties its concern that one of the jurors would not be able to complete deliberations because of illness. Defendant agreed to the suggestion that the alternate be sent with the jury during deliberations with instructions not to participate in any way. The jury deliberated for one and one-half hours before going to lunch. After lunch it became apparent that the ill juror would make it and the alternate was excused. After three more hours of deliberation, the jury returned a guilty verdict. After noting that the federal rule applicable to alternates was violated, the court held:

> Nevertheless, given the unique posture of the present case—where the parties stipulated and urged upon the court that the alternate be allowed to sit-in on the jury deliberations, and the alternate was expressly instructed not to participate in any way, not to say anything, not to vote, or otherwise do anything except be available in case the court found it necessary to substitute him for the ill juror—we are convinced that a new trial is not required unless on remand it is shown that there is a reasonable possibility that the presence of the alternate affected the jury's verdict.

The court cautioned, however, that prejudice would be shown if the alternate did participate in any way during deliberations or if a juror testified that his or her free exercise of thought, expression or action was deterred by the alternate's presence.

**(4) No abuse of discretion.** A single case from Indiana held that the trial court has discretion to send the alternate into deliberations with the jury as long as the alternate is admonished not to participate. *Johnson v. State,* 267 Ind. 256, 369 N.E.2d 623 (1977). The court focused on the fact that the alternate had been qualified as a juror. Most important, however, is the absence of any rule in Indiana covering the topic.

Defendant has a constitutional right to a jury of twelve. Because a fundamental right is involved, the issue is reviewable. Rule 308, N.M.R.Crim.App., N.M.S.A.1978. This was the view of the Supreme Court in *State v. Orona,* 92 N.M. 450, 589 P.2d 1041 (1979). There, defendant was aware that the trial court communicated with the jury outside defendant's presence prior to the verdict. Defendant did not move for a mistrial, however, until after the verdict. Because the case involved improper jury communications, the issue was reviewed and decided in defendant's favor.

We hold that the presumption of prejudice analysis is consistent with the analysis applied in this state to other improper communications with jury cases, *State v. McCarter,* 93 N.M. 708, 604 P.2d 1242 (1980); *State v. Gutierrez,* 78 N.M. 529, 433 P.2d 508 (Ct.App.1967); *State v. Orona, supra,* and see no reason to part from that standard.

Accordingly, we hold that since the State made no showing to overcome the presumption of prejudice created by the presence of "the thirteenth juror," defendant is entitled to a new trial.

### Handwriting Exemplars

Since we are remanding for a new trial, we will address the issue of improper handwriting exemplars. The State introduced and the trial court admitted seven monthly parolee and probation reports which had been filled out and signed by defendant. The reports were used as handwriting exemplars by the handwriting expert. References to parolee and probation had been deleted. The selected dates of the reports were from March 3, 1976, to February 4, 1981. Some of the reports contained information that defendant was employed and living with her husband, while others contained information to the contrary. A reading of the reports indicates they were required to be completed by parolees, and were for the purpose of keeping track of defendant. Required reporting of this type

is associated with probation and parole. As we stated in *State v. Martinez,* 94 N.M. 50, 607 P.2d 137 (Ct.App.1980):

The fact that the ones which were used were the most convenient does not necessarily make them equally admissible. To balance the rights of the defendant between evidence which could have been secured by court order and which would not have been prejudicial (exposure of a prior conviction), and evidence which was clearly prejudicial leaves little doubt as to whether the trial court abused its discretion in admitting the parole officer's testimony and the parole records.

Greater care should be used in selecting material as exemplars.

Reversed and remanded for a new trial.

**IT IS SO ORDERED.**

WALTERS, C.J., and NEAL, J., concur.