2013 JUL 29 AM 11: 32



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 68649-6-I |
| Respondent, | |
| v. | DIVISION ONE |
| STEVEN FAAUSU, | UNPUBLISHED OPINION |
| Appellant. | FILED: July 29, 2013 |

LEACH, C.J. — Steven Faausu appeals his conviction for possession of a controlled substance while in a county jail. On appeal, he claims for the first time that the trial court denied his right to a fair trial by permitting an unauthorized person, the alternate juror, to participate in the jury's deliberations. Because Faausu fails to establish manifest error, we affirm.

## Background

The State charged Faausu with violation of the Uniform Controlled Substances Act[1] under RCW 69.50.4013 and sought a sentencing enhancement for possessing a controlled substance in a correctional facility under RCW 9.94A.533(5). The trial court impaneled 13 jurors for trial. Following the parties' closing arguments, the court selected juror 10 as an alternate under CrR 6.5. The clerk's minutes recite, "Court excused the alternate juror. That juror is seating [sic] in seat #10." The court told juror

---

[1] Ch. 69.50 RCW.

10, "We appreciate your service here. You get to go home a little earlier than the others." The court then stated, "We are going to let you all go back in the jury room. You have the Instructions. Let us know if and when you reach a verdict. You may retire to the jury room at this time."

The jury found Faausu guilty as charged and also returned a special verdict that Faausu committed the offense while in a county jail. After reading the verdict into the record, the clerk polled the jurors. The trial transcript indicates that the clerk polled 13 jurors, including juror 10, the alternate juror. Faausu made no objections. The court imposed a standard range sentence. Faausu appeals.

## Analysis

Generally, we will not consider issues raised for the first time on appeal.[2] An appellant may raise a claimed error for the first time on appeal by demonstrating "that the error is 'manifest' and truly of constitutional dimension."[3] A manifest error results in actual prejudice to the litigant.[4] "'If the record from the trial court is insufficient to determine the merits of the constitutional claim, then the claimed error is not manifest and review is not warranted.'"[5]

Faausu alleges, "[T]he polling of the jury demonstrates that 13 people participated in the deliberations, one of whom was not authorized to participate." He

___

[2] Eyman v. McGehee, 173 Wn. App. 684, 698, 294 P.3d 847 (2013) (quoting State v. Kirkman, 159 Wn.2d 918, 926, 155 P.3d 125 (2007)); RAP 2.5(a).
[3] Eyman, 173 Wn. App. at 698 (citing Kirkman, 159 Wn.2d at 926; State v. O'Hara, 167 Wn.2d 91, 98, 217 P.3d 756 (2009)); RAP 2.5(a)(3).
[4] Parrell-Sisters MHC, LLC v. Spokane County, 147 Wn. App. 356, 364, 195 P.3d 573 (2008) (citing State v. WWJ Corp., 138 Wn.2d 595, 602-03, 980 P.2d 1257 (1999)).
[5] Eyman, 173 Wn. App. at 699 (quoting WWJ Corp., 138 Wn.2d at 602).

argues, "The inexplicable involvement of an unauthorized 13th juror in the deliberations of Mr. Faausu's case requires a new trial."

Article I, section 21 of the Washington Constitution states, "The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record." Our Supreme Court has declared, "[T]here can be no question that [a jury] must reach its decision in private, free from outside influence. This principle is of constitutional stature."[6]

In State v. Cuzick,[7] our Supreme Court held that permitting an alternate juror to be present during deliberations in a criminal trial was reversible error. In Jones v. Sisters of Providence in Washington, Inc.,[8] a civil case, the court relied on Cuzick to hold that an alternate juror's participation during deliberations constituted prejudicial error. The court in Jones stated, "Under Cuzick, prejudice is presumed where there has been a breach in the sanctity of the jury room because it is impossible, or at least overly burdensome, to determine what occurred in the jury room and what effect the alternate had on the other jurors."[9]

The clerk's minutes and the trial transcript indicate that the court excused juror 10 before the jury began its deliberations. The record does not indicate if juror 10 left the courtroom, retired into the jury room after being excused, or was present in the jury

---

[6] State v. Cuzick, 85 Wn.2d 146, 149, 530 P.2d 288 (1975).
[7] 85 Wn.2d 146, 148-51, 530 P.2d 288 (1975).
[8] 140 Wn.2d 112, 117-19, 994 P.2d 838 (2000).
[9] Jones, 140 Wn.2d at 118-19 (citing Cuzick, 85 Wn.2d at 150 (prejudice presumed "unless 'it affirmatively appears that there was not, and could not have been, any prejudice.'" (quoting State v. Carroll, 119 Wash. 623, 624, 206 P. 563 (1922)))).

box when the jury returned its verdict. The transcript of the clerk's poll provides the only evidence suggesting that the alternate juror may have been present during deliberations.[10] This transcript repeats the exact same questions and responses for each juror and identifies each by number only. The record provides no explanation for the discrepancy between the clerk's minutes and trial transcript on the one hand and the polling transcript on the other. The record contains no other information about any participant's observations as to what occurred.

On the record before us, an error in reporting the polling is at least as likely as a 13th person's presence during jury deliberations. Because this is a direct appeal, we do not have and cannot consider extrinsic evidence to resolve the conflict in the record. Because Faausu must demonstrate manifest error from the record and cannot do so, we decline to review this issue.

## Conclusion

Because the record contains insufficient evidence to establish that the alternate juror participated in the jury's deliberations, we affirm.

_Leach, C.J._

WE CONCUR:

_Dwyer, J._                         _Schindler, J._

---

[10] No audio recording of the trial exists.

-4-