# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48473-1-II |
| Respondent, | Consolidated with<br>No.  48476-5-II |
| v. | |
| BRADLEY DAVID KNOX, | UNPUBLISHED  OPINION |
| Appellant. | |

WORSWICK, J. — Bradley Knox appeals from his convictions of solicitation to commit first degree murder, unlawful possession of a controlled substance with intent to deliver, two counts of first degree unlawful possession of a firearm, and bail jumping.  Knox asserts that the trial court violated his public trial right by allowing the jury to hear and view during its deliberations audio and video exhibits that had been admitted at trial.[1]  We affirm.

## FACTS

The State charged Knox with three counts of solicitation to commit first degree murder, unlawful imprisonment, unlawful possession of a controlled substance (methamphetamine) with intent to deliver, two counts of first degree unlawful possession of a firearm, and bail jumping.[2]  The State also alleged a school zone sentence enhancement and two firearm sentence

---

[1] Knox also requests that we exercise our discretion to waive appellate costs in this matter. Because the State has indicated that it will not seek appellate costs, we need not address Knox's request.

[2] The State charged Knox under three separate causes, which were later consolidated for trial.

enhancements with respect to the unlawful possession of a controlled substance with intent to deliver charge. The matter proceeded to jury trial.

At trial, the trial court admitted without objection an audio recording of a conversation between inmates Knox and Otis Pippen at the Cowlitz County Jail, which had been recorded through a body wire worn by Pippen. The trial court also admitted without objection a video recording showing Knox and Pippen engaged in the conversation. The State played portions of the audio and video recordings during a witness's testimony.

Before the start of jury deliberations, the trial court discussed with counsel the proper procedure for the jury to view the admitted audio and video exhibits if they requested to do so. After the jury requested to view the audio and video exhibits during deliberations, the trial court again engaged in a discussion regarding the proper procedure for the jury to view the admitted exhibits.

The State requested that the jury be permitted to have access to a laptop computer to review the exhibits in the jury room, noting that the combined length of the exhibits was approximately five hours. Defense counsel requested that the jury review the entirety of the audio and video exhibits, noting the defense had argued at closing that the jury should listen to the entire audio recording. The trial court ruled that the jury would view the entirety of the exhibits in the courtroom, which would be locked and treated as an extension of the jury deliberation room during the jury's viewing of the exhibits. The trial court also discussed with counsel a proposed cautionary instruction that it would read to the jury prior to their viewing of the exhibits; counsel agreed with the trial court's proposed cautionary instruction.

After counsel exited the courtroom, the trial court noted on the record:

Our plan now is to bring the jury in and make the courtroom an extension of the deliberation room. The video—or the audio recording is set up. [The bailiff] has locked the front door to the courtroom so it will be safe and secure for them to view that. So we'll bring the jury in and I'll read the cautionary instruction.

Report of Proceedings (RP) at 1050.

When the jury entered the locked courtroom, the trial court instructed them as follows:

So you've asked to rehear the audio recording. After consulting with the attorneys, I'm granting your request. In making this decision, I want to emphasize that I am making no comment on the value or weight to be given to any particular testimony and/or evidence in this case.

The audio recording you requested will be replayed for you here in the courtroom. You will hear it only one time.

After you have heard the audio recording, you will return to the jury room and resume your deliberations. When you do, remember that your deliberations must take into account all the evidence in the case, not just the audio recording that you've asked to rehear.

RP at 1050-51.[3] The trial court judge then exited the courtroom before the jury viewed the

exhibits and recommended its deliberations.

The jury returned verdicts finding Knox not guilty of unlawful imprisonment and not

guilty of two counts of solicitation to commit first degree murder; the jury returned verdicts

finding Knox guilty of all the remaining charges. The jury also returned special verdicts finding

that Knox was within one thousand feet of a school bus stop and was armed with two firearms

---

[3] Although the trial court discussed with counsel the jury's request to hear and view both the video and audio exhibits, it appears from the trial court's instruction to the jury that they had requested only to hear the audio exhibit. Our analysis does not depend on whether the jury had heard only the audio exhibit or, instead, whether they had heard and viewed both the audio and video exhibits. For purposes of this appeal, we assume that they had heard and viewed both exhibits.

No. 48473-1-II;
Cons. with No. 48476-5-II

during his commission of unlawful possession of a controlled substance with intent to deliver.

Knox appeals.

ANALYSIS

Knox contends that the trial court violated his public trial right by permitting the jury to

hear and view in a closed courtroom audio and video exhibits, which had been admitted at trial

but not played in their entirety, without first conducting a *Bone-Club*[4] analysis. We disagree and

affirm Knox's convictions.

The United States Constitution and the Washington State Constitution guarantee a

criminal defendant the right to a public trial. U.S. CONST. amends. VI, XIV; WASH. CONST. art.

I, § 22. Whether a criminal defendant's right to a public trial was violated is a question of law

that we review de novo. *State v. Paumier*, 176 Wn.2d 29, 34, 288 P.3d 1126 (2012). When

determining whether a defendant's public trial right was violated, we apply a three-part analysis,

in which we

> "[(1)] begin by examining . . . whether the public trial right is implicated at all . . .
> then [(2)] turn to the question whether, if the public trial right is implicated, there
> is in fact a closure of the courtroom; and [(3)] if there is a closure, whether . . . the
> closure was justified."

*State v. Smith*, 181 Wn.2d 508, 513-14, 334 P.3d 1049 (2014) (some alterations in original)

(quoting *State v. Sublett*, 176 Wn.2d 58, 92, 292 P.3d 715 (2012) (Madsen, C.J., concurring)).

Not every interaction between the court, counsel, and defendants implicates the public

trial right. *Sublett*, 176 Wn.2d at 71 (lead opinion). Our Supreme Court has established that

---

[4] *State v. Bone-Club*, 128 Wn.2d 254, 258-59, 906 P.2d 325 (1995).

4

certain proceedings implicate the public trial right; for other proceedings, we apply the

"experience and logic" test announced in *Sublett* to determine whether a courtroom closure

implicating the public trial right has occurred. 176 Wn.2d at 75-78. Under this test, the

experience prong asks "'whether the place and process have historically been open to the press

and general public.'" and "[t]he logic prong asks 'whether public access plays a significant

positive role in the functioning of the particular process in question.'" *Sublett*, 176 Wn.2d at 73

(quoting *Press-Enter. Co. v. Superior Court*, 478 U.S. 1, 8, 106 S. Ct. 2735, 92 L. Ed. 2d 1

(1986)). The public trial right attaches to the proceedings at issue only if the answer to both

prongs of the experience and logic test is yes. *Sublett*, 176 Wn.2d at 73.

If the public trial right attaches to a proceeding, the trial court must consider the *Bone-Club* factors and make specific findings on the record before closing the proceeding to the

public. 128 Wn.2d at 258-59. Because violation of the public trial right is a structural error, the

remedy is reversal and remand for a new trial. *State v. Wise*, 176 Wn.2d 1, 19-20, 288 P.3d 1113

(2012).

In *State v. Magnano*, 181 Wn. App. 689, 691, 326 P.3d 845, *review denied*, 181 Wn.2d

1024 (2014), Division One of this court addressed whether the defendant's public trial right was

implicated by the jury rehearing a properly admitted 911 audio recording in a closed courtroom

during its deliberations. After applying the experience and logic test, the *Magnano* court held

that the public trial right did not attach to the proceeding at issue. 181 Wn. App. at 696-700.

With respect to the experience prong, the *Magnano* court determined that the jury's rehearing of

an admitted audio exhibit during its deliberations was "not a process that has 'historically been

open to the press and general public.'" 181 Wn. App. at 696 (internal quotation marks omitted)

(quoting *Sublett*, 176 Wn.2d at 73). The *Magnano* court also held that the defendant could not

establish that the public trial right attached to the proceeding under the logic prong, reasoning:

> To allow the public to participate in the jury's review of admitted evidence invites the public to influence jury deliberations. "[T]here can be no question that [the jury] must reach its decision in private, free from outside influence." *State v. Cuzick*¸ 85 Wn.2d 146, 149, 530 P.2d 288 (1975). The secrecy of jury deliberations is a "cardinal principle" of the Sixth Amendment right to an impartial jury. *State v. Elmore*, 155 Wn.2d 758, 773, 123 P.3d 72 (2005). The purpose of restricting access to the jury room is to insulate the jury from any out-of-court communications that may prejudice its verdict. *State v. Christensen*, 17 Wn. App. 922, 924, 567 P.2d 654 (1977). Here, the trial court properly allowed the jury to rehear a 911 recording that was properly admitted and played in open court during trial.

181 Wn. App. at 699-700. We agree with Division One's reasoning in *Magnano* and adopt it

here.

Knox acknowledges the holding in *Magnano* but contends that it is distinguishable from

the present case because, here, only a portion of the audio and video exhibits were played for the

jury during the evidentiary phase of trial, and the jury was permitted to hear and view the entirety

of the audio and video exhibits during its deliberations. Knox thus argues that the proceeding at

issue concerned the presentation of evidence rather than jury deliberations. We reject this

argument.

Knox fails to cite any authority supporting the proposition that a jury may review during

deliberations only the portions of admitted exhibits that were published during the evidentiary

phase of trial. CrR 6.15(e) expressly provides that during deliberations "the jury shall take with

it . . . all exhibits received in evidence." And our Supreme Court has held that "once admitted

into evidence, an exhibit may be used by the trier of fact in whatever fashion it chooses under

No. 48473-1-II;
Cons. with No. 48476-5-II

CrR 6.15(e)." *State v. Elmore*, 139 Wn.2d 250, 296, 985 P.2d 289 (1999). Here the audio and video exhibits were admitted as evidence without objection and, thus, the jury was entitled to consider the entirety of the exhibits during their deliberations. Therefore, we reject Knox's contention that *Magnano* is materially distinguishable on that basis.

We hold that Knox's public trial right was not implicated by the jury's review of properly admitted trial exhibits in a closed courtroom during its deliberations. Accordingly, Knox's public trial right claim fails, and we affirm his convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Bjorgen, C.J.

Johanson, J.

7